# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| James Alan Brandt,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Scott Michael Bird, acting in his individual capacity, Michael Allan Pfeilsticker, acting in his individual capacity, and City of Lake City,<br><br>　　　　Defendants. | Case No.<br>**Complaint**<br><br>Jury Trial Demanded<br>Fed. R. Civ. P. 38(b) |

For his Complaint, Plaintiff James Alan Brandt states and alleges as follows:

### PARTIES, VENUE, AND JURISDICTION

1.　Plaintiff Brandt is a resident of Wabasha County, Minnesota.

2.　Defendant Scott Michael Bird is, upon information and belief, a citizen of Minnesota. Bird served as a Lake City Police Department ("LCPD") officer on or about February 22, 2024. The LCDP is an agency of Lake City, Minnesota. Bird acted under color of state law at all material times. Bird is sued in his individual capacity.

3.　Defendant Michael Allan Pfeilsticker is, upon information and belief, a citizen of Minnesota. Pfeilsticker served as an LCPD officer on or about February 22, 2024. Pfeilsticker acted under color of state law at all material times. Pfeilsticker is sued in his individual capacity.

4. Defendant City of Lake City is a municipality incorporated in the State of Minnesota and a citizen of Minnesota. The LCPD is an agency of the City of Lake City. Lake City employed Bird and Pfeilsticker at all relevant times.

5. Brandt brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. §§ 1331 and 1343(a)(3). These statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

6. State-law claims stated herein arise from the same case or controversy as the claims providing original jurisdiction. Supplemental jurisdiction over those claims is appropriate pursuant to 28 U.S.C. § 1367(a).

7. The events giving rise to this action occurred in Wabasha County, Minnesota. Venue is proper under 28 U.S.C. § 1391(b)(2).

## **FACTUAL ALLEGATIONS**

8. On or about February 22, 2204, Brandt was at his home in Wabasha County, Minnesota.

9. Just after 1:00 a.m., Pfeilsticker and Bird were dispatched in response to complaints that a person was yelling at Brandt's residence. Pfeilsticker and Bird were acting as LCPD officers and were employed by Lake City at the time.

10. Officers saw Brandt in his living room turning the lights off in his home.

11. Officers knocked on Brandt's porch door. However, Brandt did not come to the door.

12. Officers saw Brandt in the home. Officers commanded Brandt to come to the front door.

13. Brandt came onto his porch, but he did not open the screen door to meet the officers outside.

14. Brandt started recording the interaction on his phone.

15. Officers asked Brandt about yelling and harassment that had been reported.

16. Brandt told officers that they would need a warrant to further engage with him.

17. Brandt went back into his house and turned off the lights.

18. Officers commanded Brandt to come speak with them. Brandt stayed in his home.

19. Officers decided to leave the area and obtain a warrant.

20. Brandt made clear that officers were not permitted to enter his porch area or the residence. Officers understood that they did not have consent to enter those areas.

21. Brandt came onto the porch as officers were leaving and recorded the officers.

22. The officers came back to Brandt's property and opened the screen door on Brandt's porch to arrest him.

23. Officers commanded Brandt to get on the ground, and Brandt put his hands up.

24. Officers grabbed Brandt by the arm and brought him to the ground.

25. When officers encountered Brandt, they were not in pursuit of him.

3

26. When officers encountered Brandt, there was no immediate need to apprehend Brandt or enter his residence.

27. Officers arrested Brandt and took him into custody.

28. Brandt was arrested and charged with obstructing legal process and disorderly conduct.

29. Brandt was acquitted of both charges after a jury trial.

30. Due to the officers' actions, Brandt has been harmed in a manner and amount to be proven at trial.

## CAUSE OF ACTION

### Count 1 – 42 U.S.C. § 1983
### Fourth Amendment Violation: Unlawful Seizure and Arrest
*Defendants Bird and Pfeilsticker*

31. Brandt realleges Paragraphs 1-30 of this Complaint as if fully stated herein.

32. The defendants acted under color of state law while performing the acts described herein.

33. The defendants deprived Brandt of his Fourth and Fourteenth Amendment rights through the actions described herein.

34. The defendants entered Brandt's curtilage and private areas of his residence without consent or other lawful basis.

35. The defendants' actions caused an illegal seizure of Brandt that violated his constitutional rights.

36. The defendants' actions violated constitutional rights that were clearly established at the time of the incident.

37. As a direct and proximate result of the acts of the defendant, Brandt suffered injuries and other harms that entitle him to damages.

38. The defendants subjected Brandt to deprivation of his rights in such a manner as to render the defendants liable for punitive damages.

39. The manner in which the defendants deprived Brandt of his rights supports an award of punitive damages, which are necessary to deter further improper conduct.

40. Brandt is entitled to fully recover his costs, including reasonable attorneys' fees, under 42 U.S.C. § 1988.

### Count 2 – Trespass
*Defendants Bird, Pfeilsticker, and City of Lake City*

41. Brandt realleges Paragraphs 1-30 of this Complaint as if fully stated herein.

42. The defendant officers unlawfully and wrongly intruded upon Brandt's property and residence as part of an unlawful seizure of Brandt.

43. Defendant Lake City is liable as the employer of the defendant officers.

44. The defendant officers knew that their entry was in violation of clearly-established law. However, the officers engaged with an unlawful intrusion and seizure of Brandt regardless.

45. Due to the officers' unlawful intrusion, Brandt suffered harms in a manner and amount to be proven at trial.

### Count 3 – False Arrest and Imprisonment
*Defendants Bird, Pfeilsticker, and City of Lake City*

46. Brandt realleges Paragraphs 1-30 of this Complaint as if fully stated herein.

47. The defendant officers unlawfully arrested and imprisoned Brandt.

48. Defendant Lake City is liable as the employer of the defendant officers.

49. The defendant officers knew that their arrest and imprisonment of Brandt was in violation of clearly-established law. However, the officers engaged with an unlawful arrest and imprisonment of Brandt regardless.

50. Due to the officers' unlawful arrest and imprisonment, Brandt suffered harms in a manner and amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court find the defendants liable for the claims asserted;

2. A money judgment against the defendants, jointly and severally, for compensatory and other damages, together with costs, including reasonable attorneys' fees under 42 U.S.C. § 1988 and prejudgment interest;

3. An award of punitive damages against defendants Bird and Pfeilsticker; and

4. For any other relief that this Court may deem just and equitable.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

| | |
|---|---|
| Date: October 23, 2024 | **LAW OFFICE OF ERIC A. RICE, LLC**<br><br>*s/Eric Rice*<br>Eric A. Rice (MN #0388861)<br>1 W. Water St., Ste. 275<br>St. Paul, MN 55107<br>P: (651) 998-9660<br>F: (651) 344-0763<br>eric@ricedefense.com<br><br>*Attorney for Plaintiff* |

7